UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANVEL ZAKINYAN,<br><br>                        Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention, Center, et al.,<br><br>                        Respondents. | Case No.:  26-CV-259 JLS (MPP)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Manvel Zakinyan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court are Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5).  For the reasons set forth below, the Court **GRANTS IN PART** the Amended Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner, a native and citizen of Armenia, alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since January 15, 2025, when he presented himself at the San Ysidro Port of Entry and applied for admission into the United States.  Pet. at 8.  After participating in a credible fear interview and receiving a positive credible

1

fear determination, Petitioner was found to have established a credible fear of persecution and torture. *Id.* Petitioner, through counsel, timely filed a request for custody redetermination with the San Diego Immigration Court, seeking a bond hearing. *Id.* at 9. The Immigration Judge found that the Court "lacked jurisdiction solely because DHS classified Petitioner as an 'arriving alien,' citing regulatory authority and asserting that custody jurisdiction was barred as a matter of law." *Id.* at 9. Petitioner claims that he is detained by ICE in violation of 8 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment. *Id.* at 15–20.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I.     Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1225(g). Ret. at 5. These arguments are identical to those recently addressed in *Salazar v. Casey*, No. 25-CV-2784 JLS (VET), 2025 WL 3063629 (S.D. Cal. Nov. 3, 2025). The Court adopts its reasoning on those issues and incorporates it by reference. Accordingly, the Court is satisfied of its jurisdiction.

## II.    Merits[1]

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025).  However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases).  In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).  Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention without a bond hearing, now over thirteen months, weighs in Petitioner's favor.  Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*

---

[1] Respondents contend that the Court's previous order denying Petitioner habeas relief forecloses granting relief on the instant Petition.  Ret. at 4; *see Zakinyan v. Warden et al.*, 25-CV-3717 JLS (MMP), ECF No. 6.  The Court disagrees, as its denial of Petitioner's previous petition was predicated on the fact that Petitioner was an "applicant for admission" under § 1225(b) who had been detained for a few weeks. *See Zakinyan*, 25-CV-3717 JLS (MMP), ECF No. 6 at 4.  It has now come to light that counsel stated in error that Petitioner had only been detained since December 2, 2025.  Traverse at 5.  Petitioner has been detained for far longer—since January 15, 2025. *Id.* ¶ 1.  This fact changes the Court's analysis, and as discussed below, serves as a basis for granting relief.

*v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that his "case has already been reassigned among multiple Immigration Judges, including one who declined bond jurisdiction on December 2, 2025," and that [e]ven if the merits hearing proceeds as scheduled, it will not necessarily conclude the proceedings since "[a]ny decision may be appealed to the Board of Immigration Appeals, and potentially further reviewed by the Ninth Circuit." Traverse at 11. Respondents argue that after the schedule merits hearing, the "path to release or removal should be clear." Ret. at 11. The Court disagrees, as the outcome of Petitioner's merits proceedings is unknown, and any appeals to follow may take several years. *See Guatam*, 2026 WL 25846, at *5 ("[A] removal order may not become final until after the appeals Petitioner could file, to both the Board of Immigration Appeals and Ninth Circuit."); *Prabhpreet v. LaRose*, No. 26-CV-393-JES-SBC, 2026 WL 310192, at *4 (S.D. Cal. Feb. 5, 2026) ("Petitioner has an upcoming hearing . . . but Petitioner alleges that he has had other scheduled hearings that have been moved and there is also no indication that this hearing will even result in a final decision in his removal proceedings."); *Zarei v. LaRose*, No. 26-CV-0308-GPC-MMP, 2026 WL 252585, at *5 (S.D. Cal. Jan. 30, 2026) (finding that likely duration of future detention weighed in favor of petitioner with upcoming merits hearing).

Delay in removal proceedings is neutral since the record, as presented to the Court, does not indicate any delay by Respondents or Petitioner. *See Rash v. LaRose*, No. 26V0008-LL-DEB, 2026 WL 249324, at *5 (S.D. Cal. Jan. 30, 2026); Ret. at 11; Traverse at 12.

In balancing these factors and affording greater weight to the length of Petitioner's detention, the Court finds that Petitioner's allegations establish that his detention is unreasonably prolonged. *See id.* at *4 ("The total length of detention is considered the

26-CV-259 JLS (MSB)

most important factor.") (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019)).

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondent to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondent's custody. The Parties **SHALL FILE** a Joint Status Report by <u>March 16, 2026</u>, informing the Court of the outcome of the hearing. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: February 23, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-259 JLS (MSB)